CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/12/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT NEAL GLASS,<br><br>*Defendant.* | CASE NO. 3:10-cr-00011<br><br>ORDER & OPINION<br><br>JUDGE NORMAN K. MOON |

Before the Court is Defendant Robert Neal Glass's *pro se* motion to reduce his term of imprisonment and order that he serve the remainder of his sentence on home confinement, Dkt. 59, pursuant to the Court's limited power to modify sentences under 18 U.S.C. § 3582(c)(1) and based on the "extraordinary and compelling reasons" brought about by the COVID-19 pandemic. Dkt. 64 at 1. Alternatively, he requests to be temporarily released from incarceration until he has been "appointed a place to serve time" in a Bureau of Prisons facility, Dkt. 59,

The Government opposes the motion, asserting that Defendant did not exhaust administrative remedies under 18 U.S.C. § 3582(c) prior to bringing this motion seeking relief. Dkt. 61, 63. Defendant admits that he has not satisfied § 3582(c)'s exhaustion requirement, but he states that the Court should either waive the requirement or deem it satisfied because of the exceptional circumstances created by the COVID-19 pandemic. Dkt. 64 at 1. Defendant's request for relief under 18 U.S.C. § 3582(c)(1) will be denied because he failed to exhaust his administrative remedies. To the extent that his request for temporary release and self-surrender was not mooted by his transfer to a Bureau of Prisons facility, it is denied because the Court has no authorization to grant such relief.

## I.     Background

On March 6, 2020, the Court revoked Defendant's term of supervised release, sentencing him to ten months' imprisonment without any further term of supervised release. Dkt. 58. On April 9, 2020, Defendant filed this motion with the Court. At the time of filing, Defendant was serving his term of incarceration at the Central Virginia Regional Jail, a state facility, where he had been confined since his arrest on January 7, 2020 for violating the terms of his supervised release. On April 28, 2020, he was transferred to a Bureau of Prisons ("BOP") facility to serve the remainder of his sentence. *Id.*

Since filing his motion *pro se*, the Court has appointed the Federal Public Defender to represent him in these proceedings. Dkt. 62. While defense counsel did not amend Defendant's motion, she did file a reply to the Government's response to the motion. Dkt. 64, 66.

## II.     Analysis

The Court will first address Defendant's request to be placed in home confinement for the remainder of his revocation sentence. Defendant's *pro se* motion does not cite the statutory mechanism by which the Court can provide this relief, nor does his motion explicitly ask for a reduction in sentence. Defense counsel has argued in her reply brief, however, that "[t]his Court has the authority, under 18 U.S.C. 3582(c)(1), to reduce Mr. Glass' term of imprisonment and order that he serve the remainder of the sentence on home confinement." Dkt. 64 at 1. Because this Court cannot identify any freestanding authority that permits the Court to place Defendant in home confinement and because Defendant has not yet met the exhaustion requirement set forth under 18 U.S.C 3582(c), the Court declines to grant him such relief.

After addressing Defendant's request to be placed in home confinement, the Court will then turn to his alternative request for temporary release and self-surrender to BOP. Defendant has

not cited any statutory basis for the Court to grant him such relief, and the Court cannot identify any. Thus, to the extent that Defendant's alternative request for temporary release was not mooted by his transfer to BOP custody, it is denied.

Request for Home Confinement

The BOP is authorized to place qualifying inmates in home detention or community confinement facilities during the final portion of their sentences. 18 U.S.C. § 3624(c)(1), (2). But "discretion to release a prisoner to home confinement lies solely with the Attorney General [and BOP by delegation]" absent a court's modification to a sentence under § 3582(c). *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019) (collecting authority); *see United States v. Lowe*, 1:15-CR-00011-1, 2019 WL 3858603, at *2 (M.D.N.C. Aug. 19, 2019) (noting that, at most, the court could only compel BOP to consider whether a prisoner should be placed on home confinement).

To the extent Defendant is requesting a modification of his sentence, the district court has limited authority to modify a sentence once it has been imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011) ("Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . subject to a few narrow exceptions." (quotation marks omitted)). As relevant to this case, 18 U.S.C. § 3582(c) authorizes a court to modify an imposed sentence where expressly provided by statute or when the sentencing guidelines have been subsequently lowered and a modification of sentence is consistent with the Guidelines' policy statements.

Defendant has not pointed to a sentencing guideline that has been lowered and applies to him in order to qualify for a reduction under § 3582(c)(2). Nor does the Second Chance Act—or §§ 602 and 603 of the First Step Act, which modify it—provide authority to grant the relief he

3

seeks. Under the Second Chance Act, the BOP is authorized to place qualifying inmates in home detention or community confinement facilities during the final portion of their sentences. 18 U.S.C. § 3624(c)(1), (2). Section 602 of the First Step Act, which modified the Second Chance Act, directs "[t]he Bureau of Prisons . . . to the extent practicable, [to] place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." Pub. L. 115-391, § 602, 132 Stat. 5194, 5238 (2018); 18 U.S.C. § 3624(c)(2); *see also* 18 U.S.C. § 3621(b). Section 603 of the First Step Act, which reauthorized and modified a pilot program established under the Second Chance Act, allows BOP to release qualifying elderly and terminally ill offenders into home detention. 34 U.S.C. § 60541.

Even if Section 602 and 603 modified re-entry programs that were available to Defendant, they provide statutory authority to the BOP, not this Court. 18 U.S.C. § 3624(c)(2); 18 U.S.C. § 3621(b); 34 U.S.C. 60541(g); *United States v. Smith*, No. 6:15-cr-00006-001, 2019 WL 4016211, at *2 (W.D. Va. Aug. 26, 2019); *see United States v. McGimsey*, No. 3:11-CR-00069, 2019 WL 2396574, at *3 (W.D. Ky. June 6, 2019) (holding that the statutory language of § 3624(c)(2) as amended by the First Step Act "makes clear that the BOP's authority to release a prisoner to home confinement is discretionary"); *United States v. Yates*, No. 15-40063-01, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) (stating that BOP, not the courts, decides whether home detention is appropriate).

<u>Authority to Grant Home Confinement Under 18 U.S.C. 3582(c)</u>

Even to the extent that the Court could provide the relief Defendant seeks under 18 U.S.C. § 3582(c)(1) by reducing his sentence and converting the outstanding balance of his sentence to a term of supervised release with a condition of home confinement, the Defendant has not satisfied these exhaustion requirements prior to filing the present motion.

Under section 3582(c), which was also modified by the First Step Act of 2018, a court may grant compassionate relief to a defendant it previously sentenced upon a showing that "extraordinary and compelling reasons" counsel in favor of the defendant's early release from custody. Pub. Law 115-391. However, prior to filing such a motion, a defendant must "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A). This requirement to fully exhaust the BOP's appeals process is only excused upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*; *United States v. Nance*, No. 7:92-cr-00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) (Jones, J.).

This Court cannot excuse, waive, or deem satisfied the exhaustion requirement because of the circumstances presented by COVID-19 pandemic, as this Court previously analyzed. *United States v. Mattingley*, 6:15-cr-00005, Dkt. 138 (W.D. Va. Apr. 1, 2020) (denying defendant's second motion for compassionate release); *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Mattingley*, No. 6:15-cr-00005, 2020 WL 974874, at *3 (W.D. Va. Feb. 28, 2020) (denying defendant's first motion for compassionate release). As this Court has previously concluded, federal courts may not create exceptions to statutorily mandated exhaustion requirements unless Congress indicated its desire for courts to do so, which it clearly did not do with respect to section 3582(c). *Mattingley*, 6:15-cr-00005, Dkt. 138 (citing *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)). And while a court may nevertheless forego requiring exhaustion when it would be futile for a defendant to undertake such administrative procedures, that is not the case here. *See id.*; *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). Defendant's predicament may very well be serious and urgent, but this does

5

not mean that it would be futile for Defendant to first request relief from the BOP as section 3582(c) mandates. *See Mattingley*, 6:15-cr-00005, Dkt. 138 at 6–7.

<u>Request for Temporary Release</u>

In his motion, Defendant also requested the Court afford him temporary release until he could self-report to a BOP facility. As discussed above, at the time he filed his motion, Defendant was serving his sentence in a state facility, awaiting transfer to BOP custody. Dkt. 64 at 2. On April 28, 2020, he was transferred to BOP custody. *Id.* To the extent that Defendant still seeks this avenue of relief and his claim has not been mooted by his transfer to BOP custody, the Court must deny his request for relief because Defendant has failed to point to any statutory authority permitting the Court to grant it. While 18 U.S.C. § 3622 allows for the temporary release of federal prisoners under limited circumstances, such determinations are solely the province of the BOP. *See* 18 U.S.C. § 3622 (stating that "[t]he Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period"); *United States v. Daguerdas*, No. 09-cr-581, 2020 WL 2097653, at *5 (S.D.N.Y. May 1, 2020) (denying prisoner temporary release until abatement of COVID-19 threat because "this Court lacks authority to grant [defendant] temporary release . . . . That authority rests solely with the BOP."); *United States v. Hiller*, No. ELH-18-cr-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (stating that "[a]s the statutory text makes plain, Congress has conferred on the BOP, not the court, the authority to grant temporary furloughs" in denying relief for defendant who had cited the risks posed by COVID-19 pandemic). As such, the Court must deny Defendant's request for temporary release and self-surrender.

## Conclusion

For the foregoing reasons, to the extent that Defendant's motion sets out a claim for a reduction in sentence under 18 U.S.C. § 3582(c)(1), it is hereby **DENIED** without prejudice to his ability to move again for compassionate release after exhausting his administrative remedies. His motion is **DENIED** with prejudice in all other respects.

It is so **ORDERED**.

Entered this __12th__ day of May, 2020.

*[Signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE